UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-00232-CAS(AJWx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | FEDERAL HOME LOAN MORTGAGE CORP. v. ADA ZULEMA ORTIZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:** (IN CHAMBERS) ORDER REMANDING THIS ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I.   INTRODUCTION AND BACKGROUND

On November 12, 2015, following a non-judicial foreclosure sale, plaintiff Federal Home Loan Mortgage Corp. ("Freddie Mac") filed an unlawful detainer action (the "underlying unlawful detainer action") in the Los Angeles County Superior Court against *pro se* defendant Ada Zulema Ortiz ("defendant"), and Does 1-10, inclusive. Dkt. 1. On December 18, 2015, defendant, proceeding *pro se* and *in forma pauperis*, filed a notice of removal, two brief paragraphs in length, asserting federal question jurisdiction. Id. In her notice of removal, defendant contends that federal questions exist because Freddie Mac's conduct, "including predatory lending and usury," constitutes a violation of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961, et seq. ("RICO"). See Notice of Removal at 2. The Court, *sua sponte*, remands this case to the Los Angeles Superior Court for lack of subject matter jurisdiction.

## II.   LEGAL STANDARD

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. CV 10–01893, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'  JS-6

| Case No. | 2:16-cv-00232-CAS(AJWx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | FEDERAL HOME LOAN MORTGAGE CORP. v. ADA ZULEMA ORTIZ, ET AL. | | |

Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The court may remand the matter either on motion by a party or acting *sua sponte*. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see also Maniar v. F.D.I.C., 979 F.2d 782, 785 (9th Cir. 1992) ("[T]he term 'motion to remand' in § 1447(c) includes a district court's *sua sponte* remand").

### III. DISCUSSION

Whether a case arises under federal law is generally determined by the well-pleaded complaint rule. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (citations omitted). It is well recognized that unlawful detainer actions are pure matters of state law and "are strictly within the province of state court." McGee v. Seagraves, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006); see also Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."); Federal Nat'l Mort. Assoc. v. Suarez, No. 1:11-cv-01225, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. Jul. 27, 2011) ("Unlawful detainer actions are strictly within the province of state court."). Furthermore, even if defendant was to assert counterclaims against plaintiff Freddie Mac, any such assertion still would not create federal subject matter jurisdiction, as a defendant cannot create federal subject matter jurisdiction by attempting to add federal claims or anticipated federal defenses to a notice of removal. See Benefit Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Accordingly, the Court lacks subject matter jurisdiction over this post-foreclosure unlawful detainer action.

Finally, although defendant has not raised the issue in her notice of removal, the Court notes that some courts have considered the question of whether, under a broad reading of Freddie Mac's charter, all federal courts have original jurisdiction over any suit involving the federal agency. See 12 U.S.C. § 1452(f) ("[A]ll civil actions to which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-00232-CAS(AJWx) | Date | February 10, 2016 |
|---|---|---|---|
| Title | FEDERAL HOME LOAN MORTGAGE CORP. v. ADA ZULEMA ORTIZ, ET AL. | | |

[Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value."). However, this Court is unaware of any instance in which a federal court has actually exercised jurisdiction following a defendant's attempt to remove a state court unlawful detainer action wherein Freddie Mac was the plaintiff.

Indeed, it appears that all other district courts to have considered the issue under similar circumstances have declined to exercise jurisdiction. See, e.g. Federal Home Loan Mortg. Corp. v. Gantz, No. 13-1490 2013 WL 5202393 *2 (D. Minn. Sep. 12, 2013), aff'd, 568 F. App'x 482 (8th Cir. 2014) (remanding plaintiff Freddie Mac's unlawful detainer action following defendant's attempt to remove the action, noting that a "post-foreclosure eviction action is a summary proceeding created by Minnesota state law [citation], the enforcement of which is tasked to Minnesota law enforcement personnel"); Federal Home Loan Mortg. Corp v. Shaffer, 72 F.Supp.3d 1265, 1272 (N.D. Ala. 2014) (remanding plaintiff Freddie Mac's unlawful-detainer action, despite defendant's assertion of a counterclaim and Freddie Mac's attempt to remove the action, because "Congress did not mean to expand the availability of a federal forum for Freddie Mac beyond the arguably constitutional confines of Article III or to take Freddie Mac's right to remove to absurd lengths"); Fed. Home Loan Mortg. Corp. v. Garcia, No. 1:11-CV-00711 AWI, 2011 WL 2680523, at *2 (E.D. Cal. July 8, 2011) (remanding plaintiff Freddie Mac's unlawful detainer action following *pro se* defendant's attempt to remove the action). This Court finds it appropriate to do the same.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |